FRANK DEA, Respondent, Appellant, *v.* THE CITY OF NEW YORK, Respondent, Impleaded with GEORGE MARXHAUSEN, Doing Business under the Trade Name and Style of M. T. WATTS, INC., Appellant.

First Department, December 1, 1939.

*Joseph F. Hanley* of counsel [*James V. Sullivan* with him on the brief; *John W. Trapp*, attorney], for the defendant, appellant.

*Paul O'Dwyer* of counsel [*Oscar Bernstien* with him on the brief; *Holmes, Bernstien & O'Dwyer*, attorneys], for the respondent-appellant.

*Charles E. Ramsgate* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent The City of New York.

PER CURIAM. In the main charge the court instructed the jury that if defendant Marxhausen did not create the condition complained of by causing or permitting water to be discharged from his premises and freeze upon the sidewalk the verdict must be in favor of that defendant. That was plaintiff's claim of negligence; the charge was substantially correct and was more fully repeated after the main charge at plaintiff's request and consented to by counsel for defendant Marxhausen. Nevertheless, the court later did not charge as requested by counsel for defendant Marxhausen that if the jury found that the rain and sleet that fell the evening of the accident was the cause of the accident their verdict must be for defendants. The charge was inconsistent and in part contradictory to portions of the main charge.

Defendant The City of New York called no witnesses but rested at the close of plaintiff's case and offered no evidence except for a weather report. In its main charge the court correctly instructed the jury that it was a question of fact for the jury to determine on the evidence the sufficiency of the time the condition complained of existed in order to constitute constructive notice as against defendant The City of New York. Nevertheless, at the request of defendant The City of New York the court later charged the jury that if the jury found the accident was caused by the precipitation of December 29 and 30, 1935 (respectively four and three days before the accident), their verdict must be for defendant The City of New York " for the reason that there would be no notice as a matter of law." This charge was inconsistent with the main charge on the question of constructive notice and was erroneous as it was an issue of fact for the jury and not a question of law for the court to determine under the facts and circumstances here disclosed whether the city was chargeable with constructive notice or negligence in failing to have the claimed dangerous condition removed after a reasonable time.

On this record the jury's finding against the individual defendant and in favor of The City of New York would seem to be inconsistent. The finding was undoubtedly due to the court's erroneous charge and to the fact that instructions given after the main charge were inconsistent with the main charge and necessarily confusing. Plaintiff has appealed from the judgment in favor of the city. Defendant Marxhausen has appealed from the judgment in favor of plaintiff. On this record and because of the erroneous, incon-

sistent and confusing charges, a new trial should be had on all the issues.

The judgment appealed from should be reversed and a new trial ordered, with costs to the defendant-appellant against the plaintiff-respondent to abide the event, and with costs to the plaintiff-appellant against the defendant-respondent to abide the event.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the defendant-appellant against the plaintiff-respondent to abide the event, and with costs to the plaintiff-appellant against the defendant-respondent to abide the event.